Welch, J.
The plaintiff in error was indicted for stealing four' United States treasury notes, and four national bank-notes, of the denomination and value of five dollars each; and one promissory note of an individual for five dollars, and of the value of five dollars ; amounting in the whole to forty-five dollars. He pleaded not guilty, and upon trial was convicted and sentenced to the penitentiary. He now prosecutes a writ of error here to reverse the judgment.
The first error assigned is the alleged insufficiency of the indictment. The verdict of the jury was a general verdict, and therefore the indictment is sufficient to sustain the conviction and sentence, if either count is good.
The indictment contained four counts, and it is contended that they are all bad. Without undertaking to pass upon the alleged faults of the second, third, and fourth counts, it is sufficient to say that we are satisfied the first one is good. The exception taken to it is, that it misdescribes, or imperfectly describes, the treasury notes and bank-notes alleged to have been stolen.
The treasury notes are described in the first count as “ promissory notes of the United States, given for the payment of money,” etc., giving the denomination and value. It is contended that this description is defective, because it does not show what kind of promissory notes of the United States they were: whether treasury notes, or fractional currency, or what else. We think the objection is not well taken, and that the description is sufficient. It is not necessary to set forth their tenor, or date, or the date or particular ^provisions of the law under which they were issued. The description given brings them within the statutory definition,. *581 ■and that, with a specification of- their denomination and value, is sufficient.
The bank-notes are described as “ national bank-notes, commonly •called national currency notes, then and there being obligatory .promissory notes of the national currency issue, given for the payment of money,” etc. If we understand the objections made to this description, they assume that the words “ national banknotes,” employed in it, mean national notes of a bank, and not notes •of a national bank. The words are undoubtedly to be understood in the latter sense. The notes are bank-notes, and not national notes ; and they are so described in the indictment, as we read and understand it. The objections' are: 1. That this is a misdescription ; and, 2. That there is a repugnancy in first calling them national bank-notes, and then saying that they are commonly called •national currency notes. The argument in support of the latter objection is, that to say they are commonly called national currency, is to admit that they are not national currency; and that ■they are, therefore, first described to be national in their character, and then admitted not to be national. We confess we are unable ■to see the force of this logic. It rests on false' assumptions. It is not true that the notes are described as national notes; and it is not true that there is any such rule of law as that assumed, that to say anything is commonly called by a certain name, is to admit that it is a false name. We know of no such rule.
The other assignments of error relate to the rulings of the court in regard to the testimony, and the charge given to the jury.
On the trial, the prisoner’s counsel asked one of the witnesses what was the value of one of the five dollar national bank-notes, saying that his purpose was to prove the “par value ” of said four bank-notes. This question was objected to by the state, and ruled out as incompetent; which ruling was excepted to by prisoner’s counsel, and is now assigned for error. Under the decisions in Gandolfo v. The State, 11 Ohio St. 114, and Hollister & Smith v. Resnor, 9 Ib. 1, this is *no good ground for reversal. It was held in those cases, that, in order to make the error fatal, it must be shown by the record what was proposed to be proven by the answer to the question propounded, and that it was something material to the plaintiff in error. Here the only object proposed was to show the “par value ” of the notes, which is not material, and is in fact no object at all. The par value of a note is its amount. *582 The par value of a five dollar note is five dollars. ■ Perhaps the word “par ” got into the proposition inadvertently, and ought to be disregarded. We can hardly assume so much; especially in a case like this, where it is evident that no answer to the question could have been of any ultimate benefit to the plaintiff in error. For,, although the court can not take judicial notice of the fact, yet everybody knows that national bank-notes are at par. They are of equal value with legal-tender notes, which are the standard of value. However this may be, the case is not brought within the-rule referred to, because it does not appear that it was proposed to-show that the note was of less value than five dollars, and that,, therefore, the answer would be material to the prisoner.
The money alleged to have been stolen was found upon the prisoner when he was arrested, and the state called witnesses to identify it, by tracing it from hand to hand, from the time it was taken, from the prisoner till produced in court; but one or more links in the chain of proof were wanting. The prisoner’s counsel, after the-testimony had closed, moved the court to instruct the jury that the-proof thus made was insufficient, and must be disregarded by them. This the court refused, and instructed the jury that it was for them to say, from this and all other evidence in the case, whether the-identity of the money had been established. This refusal and. charge of the court are also assigned for error. We think the-court was clearly right, both in its refusal and its charge. The-court is not bound to give its opinion upon the weight of testimony, or to exclude from the jury evidence tending to prove the issue,, merely because it is, in the opinion of the court, insufficient. The weight and sufficiency of. testimony, upon a question of the kind involved, are matters for the jury, and were properly left to them. ^During the trial, the prosecuting attorney, after giving-evidence tending to prove the genuineness of the notes in question, offered them in evidence to the jury. The prisoner’s counsel objected, and the court excluded the notes. The state then, without objection by prisoner’s counsel, gave oral evidence of the contents-of the notes. After the evidence had closed, and the case had been argued, the prisoner’s counsel asked the court to instruct the jury that the “notes given in evidence were not national bank-notes,” and to charge them that they must disregard the oral evidence of the contents of the notes. The court refused both requests, and told the jury that no such notes were in evidence. This is also- *583 assigned, for error — on what maintainable ground, we are unable-to see. The court surely was right in saying that no such notes-were in evidence, for there were no notes of any kind in evidence. Notes had been offered in evidence, but were rejected on the prisoner’s own motion. After rejecting the notes, and assenting to the admission of the secondary evidence of their contents, and after the case had gone to the jury, it was surely too late to ask the-court to rule out the secondary evidence. This would have been to entrap the other party. Had the objection been made at the proper time, the state might have availed itself of other evidence.
Another assignment of error was this: No evidence was offered by the state of the value or genuineness of the notes in question,, or that they currently passed as money, except that the alleged owner of the notes had taken them in the way of trade. Counsel for the prisoner requested the court to instruct the jury “that the state must prove the money alleged to have been stolen to be genuine money.” This the court refused, but said to the jury “that if they were satisfied that the money passed and circulated as money in Ohio, it was not necessary for the state to prove its genuineness, but that it was competent for the defendant to show, as a defense, that the money was not genuine.” We think the court did not err. in refusing this charge, or in the charge given.

Judgment affirmed.

Hat, C. J.,and White, Brinkerhoee and Scott, JJ.,. concurred.